IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-01649-CNS-NRN

SLICK SLIDE LLC,

    Plaintiff,

v.

EDWIN L. REED and
CHAD L. REEVES,

    Defendants.

---

# ORDER

---

Before the Court are the parties' summary judgment motions and Plaintiff Slick Slide LLC's (Slick Slide's) expert exclusion motion. ECF Nos. 75–77. The Court DENIES Slick Slide's exclusion motion. ECF No. 75. The Court GRANTS IN PART and DENIES IN PART Slick Slide's partial summary judgment motion. ECF No. 76. The Court GRANTS the Reed Defendants' summary judgment motion. ECF No. 77. In doing so, the Court presumes familiarity with this case's factual and procedural background, the parties' briefing, and the governing legal standards. *See* Fed. R. Civ. P. 56; Fed. R. Evid. 702.

## I.    ANALYSIS

### A.  Slick Slide's Exclusion Motion

Slick Slide moves to exclude the report and testimony of Defendants' expert Nathan MacDonald. *See, e.g.,* ECF No. 75 at 1. In doing so, Slick Slide challenges only

1

Mr. McDonald's qualifications, arguing that Mr. MacDonald is unqualified to serve as an expert. *See id.* at 5 ("MacDonald is not qualified as a designer of slides." (citation modified)); *id.* at 6 ("That Mr. MacDonald is an engineer and has been involved in the design of products generally is not sufficient to qualify him to testify in a design patent infringement case, on the issue of obviousness, with respect to . . . slides.") The Court disagrees.

The parties recite the controlling legal standard, with which the Court presumes familiarity. *See, e.g.,* ECF No. 75 at 3; ECF No. 80 at 6; *Banks v. Munir*, No. 1:20–cv–03729–CNS–MDB, 2023 WL 2914811, at *2 (D. Colo. Apr. 12, 2023). And given that Slick Slide challenges only Mr. MacDonald's expert qualifications, *see* ECF No. 75 at 5, the Court focuses its exclusion analysis there, explaining why exclusion on this basis is improper.

Slick Slide argues that "Mr. MacDonald is not qualified to offer an opinion regarding obviousness" because he "has never designed a slide, the subject matter of the '821 patent, as well as the subject matter of both references that he suggests could be combined." ECF No. 75 at 5. Slick Slide further argues that Mr. MacDonald is only a "general engineering consultant," *id.* with limited engineering experience that fundamentally—and, from Slick Slide's perspective, fatally—lacks slide design, *id.* at 6–7.

The Court agrees with Defendants the record makes clear that Mr. MacDonald has the "necessary qualifications to testify as an 'ordinary designer'" in this case. ECF No. 80 at 8. Mr. MacDonald is a registered Professional Engineer, *see* ECF No. 80-1 at 4, with

over twelve years of mechanical engineering consultant experience, *see id.*, and who has numerous relevant certifications and licenses, *id.* at 36. His professional experience includes "tak[ing] part in the design, manufacture, and review of numerous products, including ziplines, drop rides, slingshot rides, alpine slides, alpine coasters, roller coasters, water slides, rope swing slides, pendulum swing rides, and more." ECF No. 80-1 at 4. He has served as the lead engineer on numerous projects, including "ziplines, exercise equipment . . . aerial lifts, and other hydraulic pneumatic, and electronic equipment," *id.* at 34, and has extensive experience with amusement rides and devices, *id.*

If Mr. MacDonald's declaration, report, and curriculum vitae were insufficient to demonstrate his qualifications to opine as an expert in this matter—and they are sufficient to do so—his deposition testimony provides confirmation of his qualifications. *See generally* ECF No. 80-2. Mr. MacDonald testified he has "actually done a couple of . . . safety review[s]" for waterslides," *id.* at 20–21 (citation modified), and that as a "result of [his] education, [his] training and [his] experience and because [he] knows enough," including "what standards [a slide] has to meet [and] how to do all the structural analysis and the testing that's required for [the slide]" that he "would have no issue doing" a slide design "whatsoever," *id.* at 27. *See also Hart v. City of La Junta*, No. 1:23–cv–00134–DDD–MDB, 2025 WL 981556, at *1 (D. Colo. Mar. 19, 2025) ("[T]he language of Rule 702 and Tenth Circuit precedent make clear that the 'specialized knowledge' required for expert testimony 'can be acquired through 'experience' and 'training.'" (citation modified)).

3

At bottom, the Court agrees with Defendants that they have met their burden of showing Mr. MacDonald is qualified as an expert. This is not a case, contrary to Slick Slide's contention, where Mr. MacDonald has "*admitted inexperience and unfamiliarity* with the very subject" of this lawsuit. *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1323 (Fed. Cir. 2016) (emphasis added); *see also* ECF No. 75 at 4 (citing *Sport Dimension*, 820 F.3d at 1323). Nor is this a circumstance where Mr. MacDonald offers "*nothing more* than his *generalized experience* as" a mechanical engineer. *Dorman Prods., Inc. v. Paccar, Inc.*, 201 F. Supp. 3d 663, 688 (E.D. Pa. 2016), *as amended* (Oct. 17, 2016) (emphases added); *see also* ECF No. 75 at 7 (citing *Dorman Products*, 201 F. Supp. 3d at 688–89). *Cf. Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1363 (Fed. Cir. 2008) ("Testimony proffered by a witness lacking the relevant technical expertise fails the standard of admissibility under Fed. R. Evid. 702."); ECF No. 80 at 11.

Finally, to the extent that the exclusion motion challenges Mr. MacDonald's specialized knowledge "with respect to the subject matter of this particular case—slides," ECF No. 75 at 6, or the obviousness of the '821 patent, "questions regarding the extent of an expert's specialized knowledge in a field go to the weight of the expert's testimony, not to its admissibility." *Raytheon Co. v. United States*, No. 05–448C, 2009 WL 1373959, at *1 (Fed. Cl. May 13, 2009) (citation modified); *Hart*, 2025 WL 981556, at *1 ("[A]s long as an expert stays within the reasonable confines of his subject area, our case law establishes a lack of specialization does not affect the admissibility of the expert opinion, but only its weight." (citation modified)); *Pineda v. Ford Motor Co.*, 520 F.3d 237, 245 (3d Cir. 2008). *Cf.* ECF No. 82 at 4–7. Slick Slide is free to cross-examine Mr. MacDonald at

4

trial as to his qualifications and opinions. *See, e.g., Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." (citation modified)).

Accordingly, and for the reasons set forth above, the Court denies Slick Slide's exclusion motion. ECF No. 75.

### B.  Slick Slide's Partial Summary Judgment Motion

Slick Slide moves for partial summary judgment "on several issues relating to the patent infringement claims: patent infringement, patent validity, and patent enforceability." ECF No. 76 at 1. As a threshold matter, Defendants' response reveals the key issue underlying the summary judgment motion is whether a triable issue of material fact exists as to patent validity—specifically, whether the '821 patent is "invalid as obvious." ECF No. 81 at 5; *id.* at 16. Put differently, Defendants admit, as to patent infringement, that the Reeves Defendants (defined as Defendant Chad Reeves and TryJax Construction, LLC) "sold seven (7) Accused Products," and that "the Accused Products fall within the scope of the claim of the asserted '821 Patent." ECF No. 81 at 7; *see also* ECF No. 84 at 6 ("In their response . . . the Reeves Defendants conceded that they made the sales in question to these customers.").[1] And Defendants admit that "they are no longer pursuing their Seventh Defense (Unenforceability) that the '821 Patent is not enforceable . . . ." *Id.* at 15; ECF No. 83 at 15. Accordingly, based on these representations, summary judgment

---

[1] The Court agrees with Defendants that Slick Slide's partial summary judgment motion predominantly concerns the Reeves Defendants' conduct. *See* ECF No. 81 at 20.

in Slick Slide's favor as to infringement and enforceability is proper, and the only issue for the Court to decide is whether a triable issue of fact exists as to whether the '821 is obvious and therefore invalid. Explained below, the Court agrees with Defendants that a factual dispute as to the patent's obviousness exists, demanding partial denial of Slick Slide's summary judgment motion as to patent validity. *See, e.g.,* ECF No. 81 at 5.[2]

While Slick Slide correctly argues that patents are presumed valid, "[t]he presumption of validity may be rebutted by the showing of obviousness." *Milgo Elec. Corp. v. United Bus. Commc'ns, Inc.*, 623 F.2d 645, 654 (10th Cir. 1980) (citation modified); *Stuff v. Field Optics Rsch.*, No. 2:20–cv–00345–DBB–DBP, 2024 WL 2804576, at *3 (D. Utah May 31, 2024), *appeal dismissed sub nom. Really Right Stuff v. Field Optics Rsch.*, No. 2024–2045, 2024 WL 3934790 (Fed. Cir. Aug. 26, 2024) ("Obviousness renders a claim invalid under 35 U.S.C. § 103."); *Kong Co., LLC v. Bounce Enters., LLC*, No. 1:22-CV-02001-DDD-SBP, 2025 WL 2208136, at *7 (D. Colo. Mar. 27, 2025) (explaining obviousness "four-factor framework" (citing *LKQ Corp. v. GM Global Tech. Operations LLC,* 102 F.4th 1280, 1295–1300 (Fed. Cir. 2024) (en banc)). And "if the patent is indeed invalid, and shown to be so under proper procedures, there is no liability." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 644 (2015) (citation modified).

---

[2] Defendants appear to argue that denial of Slick Slide's exclusion motion creates triable issues of fact as to both infringement and validity. *See* ECF No. 81 at 5. But the Court agrees with Slick Slide that these issues demand distinct doctrinal and factual inquiries. *See, e.g.,* ECF No. 83 at 2 n.1; *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1365 (Fed. Cir. 2003) ("[P]atent infringement and invalidity are separate and distinct issues."); *Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1583 (Fed. Cir. 1983) ("Though an invalid claim cannot give rise to liability for infringement, whether it is infringed is an entirely separate question capable of determination without regard to its validity.").

The Court need not extensively analyze the "obviousness" framework, *see, e.g., Kong*, 2025 WL 2208136, at *7, because the Court agrees with Defendants that the nature of Slick Slide's summary judgment challenge has created a paradigmatic battle of the experts, rendering summary judgment on the issue of obviousness—and therefore patent validity—improper. *Compare* ECF No. 76 at 15, *with* ECF No. 81 at 19. Slick Slide compares the opinions of its own expert, Mr. Cook, with the opinions of Mr. MacDonald. *See* ECF No. 76 at 15; ECF No. 83 at 6. In arguing that Defendants "only presented a single view of the primary reference," ECF No. 76 at 15, chiefly a "front perspective view of the Banana Flip slide," *id.* at 16, Slick Slide cites excerpts from Mr. MacDonald's report, *see id.* (citing ECF No. 76-6 at 34). Slick Slide cites the same report in arguing "there is no record-supported reason to modify the DoLuSu slide." ECF No. 76 at 19 (citing ECF No. 76-6 at 20). And tellingly, Slick Slide argues in its *summary judgment* motion that Mr. MacDonald is "not qualified to render an opinion [about] an ordinary designer of slides." ECF No. 76 at 16 (citation modified); *id.* ("Because Mr. MacDonald is not qualified . . . and because Defendants' obviousness argument is solely based on that unqualified opinion, judgment of validity is warranted."); *id.* at 22.

At bottom, reading Slick Slide's motion in its entirety, it's clear that Slick Slide's validity arguments are premised entirely on challenges to the admissible opinions of Mr. MacDonald. And because those opinions are admissible, triable issues of material fact exist as to the '821 patent's obviousness and, by extension, its validity. *See, e.g., Stuff*, 2024 WL 2804576, at *3; *Banks*, 2023 WL 2914811, at *10 ("[A]s explained in the Court's discussion of [the] exclusion motion, [the expert's] opinions are admissible. Therefore,

7

because [the expert's] opinions are admissible . . . summary judgment is improper."); *Salama v. City of Pueblo*, No. 1:23–cv–01663–CNS–MDB, 2025 WL 1794458, at *2 (D. Colo. June 30, 2025) ("Such a dispute, involving competing expert opinions, presents the classic battle of the experts and it is up to a jury to evaluate what weight and credibility each expert opinion deserves." (citation modified)); *HealthONE of Denver, Inc. v. UnitedHealth Grp. Inc.*, 872 F. Supp. 2d 1154, 1189 (D. Colo. 2012) ("A battle of the experts generally requires a trial and a trier of fact to resolve." (citation modified)).

Accordingly, and for the reasons set forth above, the Court denies Slick Slide's partial summary judgment motion as to its validity challenges, but grants Slick Slide's motion as to its enforceability and infringement challenge. *See, e.g., Pandrol*, 320 F.3d at 1365.

### C. The Reed Defendants' Summary Judgment Motion

The Reed Defendants (defined as Defendant Edwin Reed, Trampoline Park Gurus, LLC, and Adventure Park Contractors, LLC) argue they are entitled to summary judgment of "no infringement," ECF No. 77 at 9, of "no induced infringement," *id.* at 11, and of "no copyright infringement," including no induced copyright infringement, *id.* at 12–13. Central to these arguments is the Reed Defendants' core factual contention that they have undisputably "never sold, offered to sell, imported, or used any recreational slide accused of infringement in this action," *id.* at 9, as well as that "[i]t is undisputed that the Reed Defendants were not aware" of the '821 patent or Slick Slide's claims until the original complaint was filed, *id.* at 11. *See also id.* at 13 (arguing that Slick Slide "can point to no evidence in the record that Mr. Reed (a) knew of the copyrights, or (b) knew that

8

there was infringing conduct by another party"). The Court considers the Reed Defendants' arguments in turn, concluding that summary judgment is proper in the Reed Defendants' favor as to each.

*First*, as to direct infringement, a defendant directly infringes a patent if it "'makes, uses, offers to sell, or sells any patented inventions, within the United States or imports into the United States any patented invention' without authority." *Portus Signapore Pte Ltd & Portus Pty Ltd. v. Owlet, Inc.*, No. 2:24–cv–00343–TS–JCB, 2025 WL 1517813, at *2 (D. Utah May 28, 2025) (quoting 35 U.S.C. § 271(a)). But contrary to Slick Slide's argument, the summary judgment record does not create a "dispute over material facts" that therefore "creat[es] a genuine issue for trial" as to the Reed Defendants' alleged direct patent infringement based on their sale of or offer to sell any of the accused slides. ECF No. 79 at 11. The parties' briefs confirm that central to resolution of the direct infringement issue is whether the Reed Defendants, through Mr. Reed, ever made such a sale or offer to sell. *See* ECF No. 77 at 9; ECF No. 79 at 13–14. And Mr. Reed testified in his deposition that he was simply "facilitating," ECF No. 79-2 at 5, by communicating the price of the Wichita slide from Chad Reeves to Mr. Gram, *id.* From Mr. Reed's deposition:

> Q. At the top of Exhibit 5, page 1, which is REEVES_202, you are forwarding an e-mail string to David Mason and Chad Reeves. Correct?
>
> A. Correct.
>
> Q. And in particular, it appears that you are forwarding to Mr. Mason and Mr. Reeves an e-mail that you sent to Mr. Gram on November 15, 2022. Correct?

> A. Correct.
>
> Q. Okay. And could you read out loud the e-mail that you wrote to Mr. Gram.
>
> A. "Hey, Joe. Looks like the double slide would be 51K to the U.S., shipping in the U.S., and install is additional. Thoughts? Wichita slide would be 37K. Hopefully leaving you some money to recoup. Still have not seen quote for this slide from you. Mats are additional."
>
> Q. Thank you.
>
> A. Um-hmm.
>
> Q. When you proposed to Joe that the Wichita slide will be $37,000, is that the price for the slide that Mr. Gram was to purchase and resell to the Aviate project?
>
> [Counsel]: Objection as to form.
>
> A. The price actually came from Chad. So I was, again, facilitating. So Chad had the pricing on the slides. And so that was the price that Chad was putting forward for the Wichita slide.
>
> Q. And you communicated that price to Mr. Gram?
>
> A. Yes.

*Id.* at 4–5.[3] Evidence in the summary judgment record, quoted in Mr. Reed's deposition, confirms the accuracy of his testimony. *See* ECF No. 79-1 at 42. And to the extent that Mr. Reed communicated with Mr. Fung, Mr. Reed testified that when he did so that he was "still facilitating." *Id.* at 11; *see also id.* at 12–13 ("Making an introduction for Chad [Reeves] that this is a person that possibly could provide him with the slides, so . . ."); *id.*

---

[3] The Court considers Mr. Reed's answer to counsel's objected-to question. An objection on the basis of "form" without further clarification or elaboration is insufficient, and to the extent necessary the Court—based on this insufficiency—overrules it. *See, e.g., Vargas v. Fla. Crystals Corp.*, Case No. 16–81399–CV–MARRA/MATTHEWMAN, 2017 WL 1861775, at *5 (S.D. Fla. May 5, 2017); *Sec. Nat'l Bank of Sioux City, Iowa v. Abbot Labs.*, 299 F.R.D. 595, 601–02 (N.D. Iowa 2014), *rev'd sub nom., Sec. Nat'l Bank of Sioux City, Iowa v. Day*, 800 F3d 936 (8th Cir. 2015).

10

at 13 ("Still facilitating."); *id.* at 13 ("I asked Chad if he was interested. He was. And so I made that introduction, and *they* started moving through it." (emphasis added)).

To be sure, drawing inferences in Slick Silde's favor, this certainly amounts to Mr. Reed being "involved" in the Aviate Project. ECF No. 79 at 12. But "involvement"—here, simple facilitation—is insufficient to create a triable issue of material fact as to whether the Reed Defendants themselves engaged in *direct infringement. Cf.* § 271(a). Some of Slick Slide's own briefing confirms the tenuousness of the Reed Defendants' involvement in the at-issue sales from a direct infringement perspective. *See* ECF No. 79 at 12 ("[T]he Reed Defendants *received* from the customer the designs for . . . . [the] slides accused of infringement." (citation modified)). And even Mr. Reed's email to Mr. Reeves about whether "we can bid from this" as to the "Wichita remodel," ECF No. 79 at 12 (quoting ECF No. 79-1 at 89), is insufficient to create a factual dispute as to direct infringement, where—even drawing inferences in Slick Slide's favor— such an email on its face does not amount to an *offer* to sell or purchase the remodel or slide. *See, e.g., MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1376 (Fed. Cir. 2005) ("We have defined liability for an 'offer to sell' under section 271(a) according to the norms of traditional contractual analysis. Thus, the defendant must communicate a *manifestation of willingness* to *enter into* a bargain, so made as to justify another person in understanding that his assent to that bargain is *invited and will conclude it*." (citation modified)). So too with the "Richland Hills 3rd slide option" email thread that Slick Slide identifies. *See* ECF No. 79 at 14. There, Mr. Reeves states simply that Mr. Reed was an intermediary—*not* someone who was engaged in any kind of sale or offer to sell. *See*

11

ECF No. 79-1 at 48 ("Ed [Reed] was overwhelmed and did not get us *all the information* need[ed] *for the customers* and *the[y]* were unwilling to sign the contracts." (citation modified)). The same is true with Mr. Reed's communications with Mr. Gram about "the double slide." ECF No. 79-1 at 42; *but see* ECF No. 79-2 at 5 ("The price actually came from Chad.").

At bottom, just because Mr. Reed discussed or facilitated the terms of an offer or transaction between other parties in which he and the Reed Defendants were not ultimately—or ever—*themselves* involved as parties or signatories does not implicate the Reed Defendants as *direct* patent infringers. *Cf. MEMC Electronic*, 420 F.3d at 1376. Stated simply, the messenger cannot be tried for direct patent infringement. Especially where Slick Slide has created no triable issue of material fact that the Reed Defendants sold or offered to sell the accused infringing slides. Accordingly, summary judgment in the Reed Defendants' favor as to direct infringement is proper.

**Second**, as to induced or indirect patent infringement, a plaintiff must show that "there has been direct infringement by a third party and that the alleged infringer affirmatively induced that infringement with knowledge that the induced acts constituted patent infringement." *Amarin Pharma, Inc. v. Hikma Pharms. USA Inc.*, 104 F.4th 1370, 1377 (Fed. Cir. 2024) (citation modified). *See also Portus Signapore*, 2025 WL 1517813, at *4 (explaining the same and observing "[i]nduced infringement claims require knowledge of the patent in suit and knowledge of patent infringement" (citation modified)).

As a preliminary matter, the Court agrees with Slick Slide that Mr. Reed undisputably had knowledge of the '821 patent as of March 14, 2023. *See* ECF No. 79 at 14. He testified to this fact himself:

> Q. Okay. So on March 14, 2023, Mr. Minton is texting you U.S. Design Patent 973,821; correct?
>
> [Counsel objects to form.]
>
> A. Yes.

ECF No. 79-2 at 27. Although the Reed Defendants argue Mr. Reed was not aware of the patent until June 2023, *see* ECF No. 77 at 11, his own testimony flatly contradicts this, and thus it is no basis for granting summary judgment on the induced infringement issue in the Reed Defendants' favor. *Compare id.*, *with Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) ("To state a claim for induced infringement, a plaintiff must [show] that the defendant *knew of the patent* and that the induced acts constitute patent infringement." (citation modified)).

However, the Court agrees with the Reed Defendants that Slick Slide has not created a triable issue of material fact that, armed with knowledge of the '821 patent, the Reed Defendants *induced* a third party or third parties, such as the Reeves Defendants, to engage in patent infringement. *See, e.g.,* ECF No. 77 at 12; ECF No. 84 at 8 ("[T]he documents and testimony cited by Plaintiff to claim the Reed Defendants induced infringement are from evidence *prior to* obtainment of said knowledge."). Indeed, the Court agrees with the Reed Defendants that, even construing the summary judgment record in Slick Slide's favor, the evidence that Slick Slide marshals in support of its induced infringement theory *pre-dates* March 14, 2023—the date that Mr. Reed testified

he learned of the '821 patent. *See* ECF No. 79-2 at 27; *see also* ECF No. 84 at 8 (collecting evidence); ECF No. 79 at 6–7. And to the extent any communications that Slick Slide identifies *post-date* March 2023, the Reed Defendants correctly observe that they were *not sent* from Mr. Reed. *See* ECF No. 84 at 9. For example, on August 11, 2023, Diana Reeves sent an email to David Mason, cc'ing Mr. Reed. *See* ECF No. 79-1 at 97. Being passively copied on another person's message hardly rises to the level of inducing patent infringement. *See, e.g., Mitek Sys., Inc. v. United Servs. Auto. Ass'n*, 139 F.4th 1340, 1350 (Fed. Cir. 2025) ("[L]iability under § 271(b) requires an affirmative act encouraging infringement." (citation modified)); ECF No. 79-1 at 92.

Fundamentally, decisional law teaches that a defendant must induce the infringement *after* learning of the patent itself. *See, e.g., Amarin Pharma*, 104 F.4th at 1377; *Portus Signapore*, 2025 WL 1517813, at *4. And here, evidence in support of any purported inducement *pre-dates* when Mr. Reed learned of the '821 patent. Accordingly, Slick Slide cannot, based on the summary judgment record, sustain a claim based on induced infringement against the Reed Defendants, and summary judgment in the Reed Defendants' favor as to induced infringement is proper.

**Third**, as to copyright infringement, a plaintiff must establish both "ownership of a valid copyright" and "copying of constituent elements of the work that are original." *Blehm v. Jacobs*, 702 F.3d 1193, 1199 (10th Cir. 2012) (citation modified); *Purzel Video GmbH v. Biby*, 13 F. Supp. 3d 1127, 1137 (D. Colo. 2014) (same). The Reed Defendants do not challenge this first copyright infringement element, and so the only issue before the Court is whether Slick Slide has created a triable issue of material fact as to whether the Reed

Defendants "copied" constituent elements of any copyright. *See* ECF No. 77 at 13; *Blehm*, 702 F.3d at 1199.

Slick Slide has not created such a triable issue. As a preliminary matter, explained above Slick Slide is wrong to argue that "the Reed Defendants offered to sell an infringing recreational slide for the Aviate Project." ECF No. 79 at 15. And where Slick Slide argues that the Reed Defendants "used and distributed [Slick Slide's] copyrighted materials," *id.* at 17, the summary judgment record does not support Slick Slide's characterization of Mr. Reed's behavior. While the Court and the Reed Defendants agree with Slick Slide that Mr. Reed—drawing all inferences from the summary judgment record in Slick Slide's favor—"reviewed and passed along drawings," ECF No. 84 at 10, such behavior does not rise to the level of *copying* copyrighted material required to sustain a copyright infringement claim. *See, e.g., Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 833 (10th Cir. 1993) ("Ultimately, to prove factual copying, the plaintiff must come forward with sufficient evidence that a reasonable factfinder, taking together the evidence of access and the similarities between the programs, could find that the second work was copied from the first." (citation modified)); *McRae v. Smith*, 968 F. Supp. 559, 562 (D. Colo. 1997) ("Proof of copying is crucial to any claim of copyright infringement because no matter how similar the two works may be (even to the point of identity), if the defendant *did not copy the accused work*, there is no infringement . . . ." (citation modified)); *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) ("First, the plaintiff must, as a factual matter, prove that the defendant actually used the copyrighted material to *create* his own work." (citation modified)). Slick Slide's own response brief bolsters the Court's

15

conclusion. *See* ECF No. 79 at 20 ("[T]he Reed Defendants not only *distributed* Slick Slide's confidential materials . . . ." (citation modified)); *see also, e.g.,* ECF No. 79-1 at 3. For these reasons, Slick Slide has failed to create a triable issue of material fact as to the Reed Defendants' purported copyright infringement.

For substantially the same reasons, the Court likewise agrees with the Reed Defendants that Slick Slide has failed to create triable issues of material fact as to induced copyright infringement. *See* ECF No. 77 at 5; *id.* at 13. To do so, Slick Slide must fundamentally create factual dispute as to whether Mr. Reed "materially contributed to the infringing conduct of another." *Viesti Assocs., Inc. v. Pearson Educ., Inc.*, No. 12–cv–02240–PAB–DW, 2013 WL 4052024, at *7 (D. Colo. Aug. 12, 2013); *see also id.* (setting forth elements for "contributory copyright infringement"); *Antarctica Films Argentina, S.A. v. Gaia, Inc.*, 662 F. Supp. 3d 1191, 1207 (D. Colo. 2023) (same). Mr. Reed's acts of reviewing and passing along drawings and documents—essentially facilitating—do not meet the standard for contributory or induced copyright infringement. *Cf. Antarctica Films*, 662 F. Supp. 3d at 1207 (concluding plaintiff "sufficiently alleged an intent to induce infringement" where "together with . . . allegations of *direct infringement* [that plaintiff] alleged that [defendant] took *affirmative steps* with the *intent* to foster [another's] infringement" (citation modified)); *Viesti,* 2013 WL 4052024, at *7 ("Although the complaint states that [defendant] 'transmitted' the photographs, simple transmission does not equate inducement because this element premises liability on purposeful, culpable expression and conduct that is shown by affirmative steps taken to foster infringement."

(citation modified)); ECF No. 77 at 13. Accordingly, summary judgment in the Reed Defendants' favor as to Slick Slick's claim for induced copyright infringement is proper.

Therefore, and for the reasons set forth above, the Court grants the Reed Defendants' summary judgment motion.

## II. CONCLUSION

Consistent with the above analysis, the Court DENIES Slick Slide's exclusion motion. ECF No. 75. The Court GRANTS IN PART and DENIES IN PART Slick Slide's partial summary judgment motion. ECF No. 76. The Court GRANTS the Reed Defendants' summary judgment motion. ECF No. 77.

DATED this 17th day of December 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge